**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **JAMES ELMORE SPENCER** | * | |
| | * | |
| **Petitioner,** | * | |
| | * | |
| **vs.** | * | **CIVIL ACTION 07-00455-KD-B** |
| | * | |
| **CHERYL PRICE, *et al.*,** | * | |
| | * | |
| **Respondents.** | * | |

**REPORT AND RECOMMENDATION**

This is an action under 28 U.S.C. § 2254 by an Alabama inmate, which was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases. This action is now ready for consideration. The state record is adequate to determine Petitioner's claims; thus, no federal evidentiary hearing is required. Kelley v. Secretary for Dept. Of Corrections, 377 F.3d 1317 (11th Cir. 2004). It is recommended that the habeas petition be denied, that this action be dismissed, and that judgment be entered in favor of Respondents Cheryl Price and Troy King and against Petitioner James Elmore Spencer on all claims.

**FINDINGS OF FACT**

1. Petitioner James Elmore Spencer was convicted of first-degree kidnaping and first-degree assault on August 21, 2002, by a jury in the Monroe County Circuit Court. On September 4, 2002, the trial court sentenced Petitioner to life imprisonment for the kidnaping conviction and twenty years imprisonment for the assault

conviction. (Doc. 9). Spencer filed an appeal in the Alabama Court of Criminal Appeals, which affirmed his convictions on August 22, 2003. (Doc. 9, Ex. A). Although Petitioner asserts that he filed an application for rehearing with the Alabama Court of Criminal Appeals, and that he sought certiorari review by the Alabama Supreme Court (Doc. 5), his assertion is not supported by the record. The Alabama Court of Criminal Appeals entered a certificate of judgment on September 10, 2003, thereby concluding Spencer's direct appeal[1]. (Doc. 9, Ex. F).

2. On August 23, 2004, Spencer filed a Rule 32 petition, which was summarily denied by the trial court on October 20, 2004.[2] See (Doc. 9, Ex. E). Petitioner appealed, and the Alabama Court of Criminal Appeals affirmed the trial court's decision on May 20, 2005, and entered a certificate of judgment on June 8, 2005. (Doc. 9, Exs. D, E). Petitioner did not seek a rehearing, nor did he file an application for writ of certiorari with the Alabama Supreme Court. (Doc. 9, p. 5). Instead, Petitioner filed a second Rule 32

[1]Where further action is not undertaken upon a ruling by the appellate court, the certificate of judgment issues eighteen (18) days after the issuance of the court's opinion. Ala. R. App. P. 41(a).

[2]In his first Rule 32 petition, Spencer alleged that his trial counsel provided ineffective assistance of counsel by failing to move for a judgment notwithstanding the verdict and for failing to object to the court's imposition of consecutive sentences. See (Doc. 9, Ex. E).

petition on March 30, 2006. (Doc. 9, Ex. C).[3] The trial court denied the petition on July 18, 2006, and the Alabama Court of Criminal Appeals affirmed the dismissal on December 1, 2006. Petitioner then filed a petition for writ of certiorari with the Alabama Supreme Court, which denied the petition and issued a certificate of judgment on April 13, 2007. On that same day, the Alabama Court of Criminal Appeals issued its certificate of judgment. (Doc. 9, Exs. B, C; Doc. 1, p. 23).

3. Spencer filed the instant habeas petition on June 21, 2007 (Doc. 1)[4]. In his petition, Petitioner alleges that: 1) the State failed to prove beyond a reasonable doubt each element of kidnaping in the first degree; 2) his trial counsel was ineffective for failing to object to the trial court's imposition of consecutive

---

[3]In his second Rule 32 petition, Petitioner alleged 1) that the State failed to prove beyond a reasonable doubt each element of first-degree kidnapping; 2) that his sentence is illegal because the crimes for which he was convicted arose from a single transaction; and 3) that his trial counsel provided ineffective assistance. See (Doc. 9, Ex. C).

[4]Although Spencer's initial petition was filed with this Court on June 25, 2004, a pro se inmate's habeas petition is deemed filed on the date it is delivered to prison officials for mailing. Houston v. Lack, 487 U.S. 266, 271-272, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988). "Absent evidence to the contrary in the form of prison logs or other records, [this court] will assume that Washington's motion was delivered to prison authorities the day he signed it ...." Washington v. United States, 243 F.3d 1299 (llth Cir. 2001). Because Spencer signed but neglected to date his petition, and neither party has offered any proof regarding the date on which the petition was actually delivered to prison officials, the undersigned concludes that June 21, 2007, the post-marked date on the envelope that the petition arrived in, should be considered the date of filing.

sentences; and 3) his trial counsel was ineffective for failing to properly investigate the essential evidence, failing to file appropriate pre-trial motions, failing to prepare any type of defense, and failing to obtain exculpatory evidence. (Docs. 1, 5.)

Respondent's Answer (Doc. 9) to Spencer's habeas petition contains the defense that Petitioner is not entitled to habeas corpus relief because his petition and claims are barred by the one-year limitation period set forth in the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. Section 2244(d)(1).

**CONCLUSIONS OF LAW**

Pursuant to 28 U.S.C. § 2244(d)(1), as amended by the April 24, 1996, enactment of the Anti-Terrorism and Effective Death Penalty Act of 1996, § 101(Supp. II 1997) ("AEDPA"), a state prisoner seeking a federal habeas corpus relief must file his federal petition within one year of the "conclusion of direct review or the expiration of the time for seeking such review." The Act provides that:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244 (d).

In the case sub judice, the one-year statute of limitations for the filing of a federal petition for writ of habeas corpus commenced on September 10, 2003, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." On direct appeal, the Alabama Court of Criminal Appeals affirmed Spencer's conviction and sentence by unpublished memorandum on August 22, 2003. The record does not indicate that Petitioner filed an application for rehearing or that he requested certiorari review of his conviction and sentence in the Alabama Supreme Court.[5] The appellate court

[5]Under Alabama law, "[a]n application for rehearing and the brief in support of the application must be filed with the clerk of the appropriate appellate court within 14 days (2 weeks) of the date the decision being questioned is issued[.]" Ala.R.App.P. 40(c). The filing of an application for rehearing is a prerequisite for certiorari review by the Alabama Supreme Court. Ala.R.App.P. 40(d)(1) ("In all criminal cases except pretrial appeals by the state, the filing of an application for rehearing in the Alabama Court of Criminal Appeals is a prerequisite to certiorari review by the Alabama Supreme Court.").

issued a certificate of judgment on September 10, 2003; thus, his conviction became final on that date.[6] Therefore, Spencer had a

---

[6]"A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review." See Sup. Ct. R. 13. When calculating the timeliness of a habeas petition brought under § 2254, the Eleventh Circuit has stated that the conviction does not become final until "90 days after entry of judgment in the state court of last resort." Jackson v. Secretary for the Dept. Of Corrections, 292 F.3d 1347, 1348 (llth Cir. 2002).

In the case at hand, the record does not reflect that Spencer filed an application for rehearing nor did he file a writ of certiorari with the Alabama Supreme Court. Thus, contrary to Respondents' assertion that Spencer is entitled to the "90 days" for certiorari review before the Supreme Court, Spencer is not so entitled because he stopped the direct appeals process before seeking review before the state's highest court of review. See Pugh v. Smith, 465 F.3d 1295, 1299 (11th Cir. 2006) ("The Supreme Court of the United States may grant a writ of certiorari to review the final judgment of 'the highest court of a State in which a decision could be had.'... A defendant has 90 days from the judgment of the state court of last resort to file a petition for a writ of certiorari in the Supreme Court of the United States.... In the absence of a clear statutory or constitutional bar to higher state court review ... the Supreme Court requires petitioners to seek review in the state's highest court before filing a petition for certiorari."); Crenshaw v. Ferrell, 2005 U.S. Dist. LEXIS 43178, at *7 n.7 (S.D. Ala. Sept. 9, 2005) ("In the instant case, petitioner did not file an application for rehearing nor did he file a writ of certiorari with the Alabama Supreme Court.... Petitioner stopped the appeals process before seeking discretionary review in the Alabama Supreme Court. Thus, because the petitioner did not seek discretionary review in the state court of last resort as allowed under Alabama Rules, he is not entitled to the additional ninety (90) days under AEDPA."); Brown v. Ferrell, 2005 U.S. Dist. LEXIS 38699, at *7-8 (S.D. Ala. Aug. 23, 2005)("[A] full review by Alabama's intermediate appellate court is a prerequisite to certiorari review by the Alabama Supreme Court ... and by not filing a direct appeal, Brown had clearly waived his opportunities to have the Supreme Court of Alabama and the United States Supreme Court review any Constitutional violations that could have been raised on direct

total of one year (365 days) or until September 9, 2004[7] in which to file his federal habeas petition.

Spencer, however, did not file his federal habeas petition until almost three (3) years later on June 21, 2007. Thus, unless Spencer can demonstrate that the tolling provisions of the AEDPA were triggered, his habeas petition must be dismissed as untimely. Section 2244(d)(2) of the AEDPA provides for the tolling of the limitations period pending state court review of a properly filed application for post-conviction relief. See In Re Hill, 437 F.3d 1080, 1083 (11th Cir. 2006). Petitioner's first Rule 32 petition, filed August 23, 2004, tolled the limitations period. At the time the first Rule 32 petition was filed, 348 days had elapsed within the limitations period. Accordingly, upon the dismissal of Petitioner's first Rule 32 petition on June 8, 2005, when the Alabama Court of Criminal Appeals entered its certificate of

---

appeal. Because petitioner did not follow state procedure and perfect an appeal to Alabama's court of last resort, it is clear under pertinent statutory law and Supreme Court rules that he would be unable to petition the United States Supreme Court for certiorari review ... Accordingly, under the facts of this case, this Court need not add the ninety days contemplated by Supreme Court Rule 13.1 since petitioner did not directly appeal his case to Alabama's Court of last resort."); see also Brown v. Hooks, 176 Fed. Appx. 949, 951 (11th Cir. 2006) ("On March 23, 2001, the Alabama Court of Criminal Appeals affirmed his conviction. Brown did not petition for certiorari review in the Alabama Supreme Court, and his conviction became final on April 10, 2001, when the Certificate of Judgment issued.").

[7]Because 2004 was a leap year, the 365th day, or the last day to file within the one-year limitations period, was September 9, 2004.

judgment, only 17 days remained within the AEDPA limitations period. In order to have timely filed his habeas petition, Petitioner was required to file his petition within 17 days, or no later than June 27, 2005,[8] absent another tolling event.

As noted supra, § 2244(d)(2) of the AEDPA provides for the tolling of the limitations period pending review of a properly filed application for state post-conviction relief. A state court filing initiated after expiration of the federal habeas deadline, however, does not revive the deadline. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004)("While a properly filed application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired.")(citation omitted). While Spencer's first Rule 32 petition tolled the statute of limitations, his second Rule 32 petition, filed on March 30, 2006, did not toll the limitations period because it had already expired nearly a year earlier, on June 27, 2005, by the time the second Rule 32 petition was filed. Thus, the statute of limitations was not tolled, as it has already ended, and Spencer was not entitled to any further statutory tolling. Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition ... that is filed following the expiration of the limitations period cannot toll that period

[8]Because the limitations period was set to fall on Saturday, June 25, 2005, Petitioner would have had until Monday, June 27, 2005, to file his habeas petition in this Court. See Fed.R.Civ.P. 6(a).

because there is no period remaining to be tolled.”). Accordingly, because Spencer did not file his federal habeas petition until June 21, 2007, nearly two (2) years after the statutory limitations period had expired, his federal habeas petition was untimely filed.

Before recommending dismissal of Spencer’s petition for habeas relief as untimely, the undersigned must determine whether Petitioner has pled extraordinary circumstances which require a contrary conclusion. The Eleventh Circuit has stated that:

> Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling “when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.” Sandvik v. United States, 177 F.3d 1269[, 1271 (11th Cir. 1999)]. Equitable tolling is an extraordinary remedy which is typically applied sparingly. See Irwin v. Dept. Of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).

Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000). See also Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618-19 (3rd Cir. 1998)(“equitable tolling is proper only when the ‘principles of equity would make [the] rigid application [of a limitation period] unfair.’... [g]enerally, this will occur when the petitioner has ‘in some extraordinary way...been prevented from asserting his or her rights.’...[t]he petitioner must show that he or she ‘exercised reasonable diligence in investigating and bringing [the] claims.’... [m]ere excusable neglect is not sufficient.”). Moreover, in the Eleventh Circuit, as a general

rule, "the 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the federal habeas petition, rather than the circumstances surrounding the underlying conviction." Helton v. Secretary of Dept. of Corrections, 259 F.3d 1310, 1314 (11th Cir. 2001), cert. denied, 535 U.S. 1080, 122 S.Ct. 1965 (2002); Drew v. Department of Corrections, 297 F.3d 1278, 1286-87 (11th Cir. 2002).

Although Spencer does not use the words 'equitable tolling' in his petition, he asserts that this Court's refusal to consider his petition would amount to a grave miscarriage of justice due to an "exceptional combination of circumstances."[9] (Doc. 5, p. 25). As noted above, equitable tolling is appropriate when a petitioner fails to timely file his petition due to extraordinary

[9]It appears that the circumstances to which Petitioner is referring relate to his claims of ineffective assistance of trial counsel. However, presumably, for purposes of equitable tolling, Petitioner would need to establish that counsel's ineffectiveness interfered with his ability to file a § 2254 petition within the one-year limitations period. Cf. Lawrence v. Florida, 421 F.3d 1221, 1226 (11th Cir. 2005)("Making the most of a novel argument, Lawrence posits that the State's provision to him of an incompetent attorney justifies the imposition of equitable tolling. This is not an extraordinary circumstance that warrants the application of equitable tolling. Moreover, we have stated on numerous occasions that 'attorney negligence is not a basis for equitable tolling, especially when the petitioner cannot establish his own diligence in ascertaining the federal habeas filing deadline.'") (citations omitted); Beery v. Ault, 312 F.3d 948, 951 (8th Cir.) ("Ineffective assistance of counsel generally does not warrant equitable tolling.... Counsel's false representation that a habeas petition has been filed may warrant equitable tolling."), cert. denied, 539 U.S. 933, 123 S.Ct. 2590, 156 L.Ed.2d 615 (2003).

circumstances beyond his control and unavoidable even with diligence. Steed, 219 F.3d at 1300. The burden firmly rests with the petitioner to establish that he is entitled to the benefit of this extraordinary remedy. Drew, 297 F.3d at 1286. Here, Spencer provides no explanation as to why he failed to timely file his petition for habeas relief. He has not alleged the existence of extraordinary circumstances beyond his control that prevented him from filing a timely petition, nor has he met the heavy burden of showing that he exercised reasonable diligence in prosecuting his claims and in bringing forth his habeas petition. Consequently, Spencer has failed to present any evidence which demonstrates that he is entitled to equitable tolling of the AEDPA's statutory limitations period for habeas petitions based on a fundamental miscarriage of justice or any other reason.

Petitioner has, however, suggested that he is actually innocent of the crime for which he was convicted.[10] Beyond two (2)

---

[10]The 11th Circuit has never held that 2244(d)'s limitation period carries an actual innocence exception. Taylor v. Secretary, Dept. of Corrections, 230 Fed. Appx. 944, 945 (11th Cir. 2007) ("[W]e have never held that there is an 'actual innocence' exception to the AEDPA's one-year statute of limitations, and we decline to do so in the instant case because [the petitioner] has failed to make a substantial showing of actual innocence."). But see U.S. v. Montano, 398 F.3d 1276, 1284 (11th Cir. 2000) ("Actual innocence is not itself a substantive claim, but rather serves only to lift the procedural bar caused by Appellant's failure to timely file his § 2255 motion."). However, several other circuits have recognized such an exception. See, e.g., Souter v. Jones, 395 F.3d 577 (6th Cir. 2005); Flanders v. Graves, 299 F.3d 974 (8th Cir. 2002). Assuming, without deciding, that a petitioner's actual innocence

fleeting references in the attachment to his petition, Petitioner has offered no proof or evidence to support his claim of innocence. See (Doc. 5, p. 25-26). Moreover, a review of the record does not reveal any evidence which would tend to support his contention that he is actually innocent.

In order to demonstrate actual innocence in a post-conviction proceeding, a petitioner must first "support his allegations of constitutional error with new reliable evidence–-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). The evidence presented must support the proposition that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Id. at 327 (internal quotations omitted). "A petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Id. In other words, Petitioner must persuade this Court "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Id.

In this case, Spencer has presented no new reliable evidence to support his contention that he is actually innocent of the crime for which he was convicted. In fact, he suggests only that if the

---

might support an equitable tolling of the limitation period, Petitioner, nevertheless, has failed to make a substantial showing of actual innocence.

jury had been able to consider certain reliable evidence, reasonable doubt would have prevented him from being found guilty. See (Doc. 5, p. 25). However, Spencer does not identify this purported "new reliable evidence" nor does he provide anything which suggests that the purported evidence would support his claim of actual innocence. Thus, he has failed to make a colorable showing of actual innocence.

Where Respondent has asserted the defense of statute of limitations and Petitioner has failed to meet his burden of establishing extraordinary circumstances which would justify the equitable tolling of AEDPA's limitations period, the undersigned must recommend that this case be dismissed as time-barred. Accordingly, the undersigned finds that because Spencer has neither demonstrated actual innocence, nor established that equitable tolling is warranted in this case, his federal habeas petition should be dismissed as time-barred, and that judgment be entered in favor of Respondents.

## CONCLUSION

For the reasons set forth above, it is the opinion of the undersigned Magistrate Judge that Spencer's petition for habeas corpus relief be **DENIED**. It is so recommended.

The attached sheet contains important information regarding objections to this recommendation.

**DONE** this **14th** day of **May, 2008**.

**/S/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS**

**AND RESPONSIBILITIES FOLLOWING RECOMMENDATION**
**AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. **Objection**. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.** Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is

advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**